IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SUAD BAHSOON, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:12-CV-2017-D |
| VS. § | |
| § | |
| WELLS FARGO BANK, NA, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Plaintiff Suad Bahsoon's ("Bahsoon's") March 14, 2013 motion to reopen case pursuant to Fed. R. Civ. P. 60(b)(1) and/or (6) is denied.

I

Bahsoon brought this action *pro se* to prevent defendant Wells Fargo Bank, NA ("Wells Fargo") from foreclosing on her home. Although her first complaint appeared to predicate subject matter jurisdiction on diversity of citizenship, 28 U.S.C. § 1332, Bahsoon failed to properly allege diversity. The court issued an order requiring an amended complaint. Notice was delivered to her home in Garland, Texas, which is the address listed on the court's docketing system. She timely amended her complaint in response to this order. Wells Fargo thereafter filed a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Bahsoon did not respond, and the court dismissed her claims on November 9, 2012, but granted her leave to replead within 30 days. Notice was sent to her Garland address, and there is no indication that the mailing was returned as undeliverable. When

Bahsoon failed to amend her complaint, the court on January 30, 2013 entered judgment dismissing her suit with prejudice based on Wells Fargo's original Rule 12(b)(6) motion to dismiss. Notice was sent to her Garland address, and again there is no indication that the mailing was returned as undeliverable.

Bahsoon now moves the court to set aside the judgment and reopen her case under Rule 60(b)(1) and/or (6). The sole basis on which she moves for this relief is that she did not receive notice of the November 9, 2012 order granting Wells Fargo's motion to dismiss and permitting her to replead.

II

Under Rule 60(b)(1), a district court can grant relief from a final judgment for "mistake, inadvertence, surprise, or excusable neglect." Under Rule 60(b)(6) the court can grant relief for "any other reason that justifies relief." Relief under Rule 60(b)(6)—a "catch-all" provision—is available "only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 216 (5th Cir. 2002) (quoting *Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747 (5th Cir. 1995)). The burden of establishing at least one of the Rule 60(b) requirements is on Bahsoon as the movant, and the determination whether that burden has been met rests within the discretion of the court. *See Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other grounds by Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075-76 n.14 (5th Cir. 1994) (en banc).

The court finds that, even when liberally construed in light of her *pro se* status, Bahsoon's motion does not meet the standards of Rule 60(b)(1) or (6). A lack of notice may

serve as a basis for granting relief under Rule 60(b)(1). *See Brown v. ATX Grp., Inc.*, 2012 WL 6764527, at \*4 (N.D. Tex. Dec. 4, 2012) (Ramirez, J.) (citing *Quilling v. Schonsky*, 247 Fed. Appx. 583, 587 (5th Cir. 2007)), *rec. adopted*, 2013 U.S. Dist. LEXIS 1687 (N.D. Tex. Jan. 4, 2013) (Godbey, J.); *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 393-94 (1993) (noting that "excusable neglect is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence") (internal quotation marks omitted). But where courts have granted Rule 60(b)(1) motions for lack of notice, the moving party has presented more than an unexplained and uncorroborated assertion that she lacked notice. *See e.g., Hawkins v. Wells Fargo Home Mortg.*, 2012 WL 5471134, at \*1 (N.D. Tex. Nov. 9, 2012) (Lynn, J.) (granting Rule 60(b) motion where notice was mailed to correct address but movant had been evicted); *Reichardt v. BAC Home Loans Servicing, LP*, 2012 WL 2935894, at \*1 (E.D. Tex. June 12, 2012) (granting *pro se* plaintiff's Rule 60(b) motion where plaintiff stated she did not receive notice, defendant could not prove service, and court correspondence was returned as unclaimed/undeliverable). Bahsoon avers in her supporting affidavit that she did not receive notice of the court's November 9, 2012 order. But as the court docket reflects, notice of that order was mailed to Bahsoon. (When the link is opened, the docket entry states, "Notice has been mailed to: Suad Zainab Bahsoon."). The mailing address on the docket is the Garland address at which she had previously received court correspondence, at which she had presumably received court correspondence notifying her of the judgment she seeks to set aside, and that she lists in her motion as her address. The mailing concerning the court's

November 9, 2012 order of dismissal was not returned as undeliverable, and Bahsoon provides no explanation for why she would not have received a copy of this order, when she does not contest having received other court mailings.  Accordingly, the court finds and concludes that Bahsoon has not shown that she lacked notice due to "mistake, inadvertence, surprise, or excusable neglect." *See Brown*, 2012 WL 6764527, at *4 (denying Rule 60(b)(1) motion because movant's "contentions that the Clerk's Office failed to properly provide notice to [plaintiff] lack merit"); *see also Quilling*, 247 Fed. Appx. at 587 (affirming denial of Rule 60(b) motion where there was "nothing in the record" to indicate lack of notice other than movant's allegation).

The court also finds and concludes that Bahsoon's failure to amend within the specified time period was not the result of "extraordinary circumstances."  Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F.2d 599, 604-05 (5th Cir. 1986)).  Bahsoon argues only that she did not receive the court's November 9, 2012 order; she does not describe any circumstances surrounding the purported failure to receive notice of the order, much less extraordinary circumstances.  She also has not stated, and the court does not find, any extraordinary circumstances resulting from the court's entering judgment after she failed to amend her complaint to cure the defects that resulted in dismissal in the first instance.  The court therefore denies Bahsoon's motion to the extent it is based on Rule 60(b)(6).

* * *

For the reasons explained, the court denies Bahsoon's March 14, 2013 motion to reopen case pursuant to Rule 60(b)(1) and/or (6).

**SO ORDERED**.

May 1, 2013.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE